ALEXANDER C. LEYDE and another *vs.* W. L. SILVIS.

November 27, 1891.

**Vendor and Purchaser—Evidence of Contract.**—Findings of fact *held* to be justified by the evidence.

Appeal by defendant from a judgment of the district court for Washington county, where the action was heard by *Williston*, J., on evidence taken before a referee.

*S. L. Pierce* and *Henry B. Farwell*, for appellant.

*E. F. Lane*, for respondents.

GILFILLAN, C. J. The only question raised in this case is that the evidence does not sustain the findings of fact. The action is in ejectment. The answer alleged as a defence and counterclaim an agreement between one Margaret Leyde, the grantor of plaintiffs, and the defendant, made prior to the conveyance by Margaret Leyde, by which, in consideration that he undertook to support her during the remainder of her life, she agreed to convey the real estate to him; and it alleges full performance by him of the agreement, and the possession by him of the real estate under it, commencing long prior to the conveyance under which plaintiffs claim title. Assuming, as the parties appear to do, that the court found there was no such agreement, the question presented is, was the evidence such as to require a contrary finding? The evidence was taken before a referee, and reported to the court. It is difficult to say what evidence was considered by the court, for the reason that evidence offered by the defendant was in numerous instances objected to by the plaintiffs, and the objections noted by the referee; but the settled case does not show, as it ought to, what rulings, if any, the court made upon the objections. But assuming, although some of the evidence so objected to was clearly incompetent, that the court considered all of it, the evidence did not prove the agreement alleged so clearly as to require the court to find it was made. It is claimed to have been made by letters in 1873 or 1874, when Margaret Leyde and her husband were living

on the real estate at Newport, Washington county, Minnesota, and defendant, with his family, was living in Pennsylvania; of which letters it is claimed there were three of Margaret Leyde to defendant or to his wife or to both, containing her proposition, and one by defendant or his wife or by both to her, accepting the proposition. In 1874, after it is claimed all the letters were written, defendant, with his family, removed to Newport, and there lived in the house on the real estate, with Margaret and her husband, till the death of the latter, in 1875, and with her till her death, in 1879 or 1880. The testimony as to conversations with Margaret and her husband might show an intention to leave the property by will to defendant or his wife, but it would be, by itself, entirely insufficient to prove an agreement between Margaret and defendant, or him and his wife, by which she would be bound to transfer the property to him or her or them, either by deed or will. The testimony as to the contents of the letters leaves it entirely uncertain whether Margaret's proposition was to transfer the property by deed or by will to the defendant or to his wife or to both. But, without dwelling on that, it is a suspicious circumstance, going far to discredit the defendant's claim, that not one of the letters was produced, and, if they were so important as defendant's testimony would make them now appear, it is singular that defendant should have been so indifferent as to what became of them, having, as is now claimed, put them into a box or basket with other letters or papers, and left them at somebody's house in Pennsylvania, and never having, so far as appears, taken any pains to ascertain what became of them, till during this trial. Another circumstance inconsistent with defendant's present claim is that, after the death of Margaret's husband, defendant filed and proved against his estate a claim for the board and maintenance of Margaret and her husband from the time defendant came to Newport till the death of the latter,—a claim that could not exist if such board and maintenance were provided under such an agreement as is alleged in the answer. The court was justified in finding against the alleged agreement.

The evidence as to Margaret Leyde's mental capacity to execute the deed to Alexander and John G. Leyde, and as to fraud and un-

due influence in procuring the execution thereof, fully sustains the finding.

Judgment affirmed.